**UNITED STATES of America,**
**Appellee,**

v.

**Kaseem STUKES, Defendant–Appellant.**

**No. 05–5736–CR.**

United States Court of Appeals,
Second Circuit.

July 12, 2006.

Harry A. Chernoff, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

James Roth, Hurwitz Stampur & Roth, New York, N.Y., for Defendant–Appellant.

Present ROGER J. MINER, GUIDO CALABRESI, Circuit Judges, JANE A. RESTANI, Chief Judge, United States Court of International Trade.*

### SUMMARY ORDER

Defendant–Appellant Kaseem Stukes ("Stukes") appeals from an amended judgment of conviction entered on October 17, 2005, in the United States District Court for the Southern District Court of New York. Following a jury trial, Stukes was convicted on four counts: (1) distributing and possessing with intent to distribute cocaine base, on or about January 14, 2003, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C); (2) using and carrying a firearm in relation to the drug crime charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i); (3) possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1); and (4) distributing and possessing with intent to distribute cocaine base, on or about April 24, 2003, in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(C).

On appeal, Stukes challenges the sufficiency of the evidence supporting his conviction on Counts Two and Three. He also argues that the district court committed reversible error in admitting evidence of a prior conviction, and that the government's use of this evidence at trial warrants reversal. We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal.

─────

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade,

■ We affirm the judgment of conviction. Given the substantial body of evidence the government presented at trial, including the uncontroverted eyewitness testimony of a New York Police Department officer and the corroborating testimony of four other officers, Stukes's challenge to the sufficiency of the evidence is without merit. *See United States v. James,* 239 F.3d 120, 124 (2d Cir.2000) ("[T]he credibility of witnesses is the province of the jury and [the court] simply cannot replace the jury's credibility determinations with [its] own." (internal quotation marks omitted)).

■ In addition, we find, even assuming arguendo, that the district court committed error in admitting evidence of Stukes's prior conviction, or that the government's use of the evidence was inappropriate, any such error was harmless. *See* Fed.R.Crim.P. 52(a) ("Any error ... that does not affect substantial rights must be disregarded."). Assuming arguendo that the defendant had offered to stipulate to the prior felony so that this element of 18 U.S.C. § 922(g)(1) could have been proved without admitting evidence of the prior conviction, we nevertheless can, in view of the strength of the evidence supporting the jury's verdict, "conclude with fair assurance that the evidence did not substantially influence the jury," *United States v. Rea,* 958 F.2d 1206, 1220 (2d Cir.1992). Further, we recognize that government's counsel should have chosen better words in his closing argument in reference to the evidence of prior conviction so that the jury would not infer the defendant's propensity for such conduct, and we caution counsel to take care to avoid causing similar confusions in the future. Nonetheless, the government's conduct did not "so in-

─────

sitting by designation.

fect [ ] the trial with unfairness as to make the resulting conviction a denial of due process," *United States v. Shareef,* 190 F.3d 71, 78 (2d Cir.1999) (quoting *Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)) (internal quotation marks omitted), given both the evidence and the fact that the trial court took immediate steps to cure any prejudice.

We have considered all of Stukes's arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.